IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PETER HRONEK, | * |
| Plaintiff, | |
| | * |
| v. | CIVIL ACTION NO. RDB-06-492 |
| | * |
| STATE OF MARYLAND, | |
| Defendant. | * |

\*\*\*\*\*\*

## MEMORANDUM OPINION

On February 24, 2006, the Court received Plaintiff's pro se Complaint, wherein he alleges that Md. Code Ann. Health-General I § 4-309 is unconstitutional. Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis (Paper No. 2), which shall be granted.

Because Plaintiff has been granted leave to proceed in forma pauperis, this Court may review the claims raised in the Complaint before service of process and dismiss the Complaint *sua sponte* if it has no factual or legal basis. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995). Such dismissal is warranted here.

Plaintiff alleges that the Maryland statute is unconstitutional in that it violates the Fourteenth Amendment.[1] Specifically, Plaintiff maintains that the statue impermissibly distinguishes between

---

[1] Md. Code Ann. Health-General I § 4-309 provides as follows:

(a) If a health care provider knowingly refuses to disclose a medical record within a reasonable time but no more than 21 working days after the date a person in interest requests the disclosure, the health care provider is liable for actual damages.

(b) A health care provider may not refuse to disclose a medical record on the request of a person in interest because of the failure of the person in interest to pay for health care rendered by the health care provider.

(c) A health care provider or any other person is in violation of this subtitle if the health care provider or any other person:

  (1) Requests or obtains a medical record under false pretenses or through deception; or
  (2) Discloses a medical record in violation of this subtitle.

those who are victimized by a single failure to disclose a medical record and those who suffer multiple failures to disclose. He claims that the prohibition against aggregating claims of refusal to disclose medical records under the statute violates his right to equal protection. Paper No. 1

The Constitution forbids discriminatory enforcement of laws. To the extent Plaintiff is asserting an equal protection claim, he must show that the discrimination against him was intentional and deliberate. *See McCleskey v. Kemp*, 481 U.S. 279, 292 (1987). He "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Moreover, where as here, no suspect class or fundamental right is implicated, the government may avoid violating equal protection principles if it can demonstrate that its reasons for treating an individual differently bear some rational relationship to a legitimate state purpose. *See Schweiker v. Wilson*, 450 U.S. 221, 230 (1981); *Moss v. Clark*, 886 F. 2d 686, 690

---

(d) Except as otherwise provided in subsection (e) of this section, a health care provider or any other person, including an officer or employee of a governmental unit, who knowingly and willfully violates any provision of this subtitle is guilty of a misdemeanor and on conviction is subject to a fine not exceeding $1,000 for the first offense and not exceeding $5,000 for each subsequent conviction for a violation of any provision of this subtitle.

(e)(1) A health care provider or any other person, including an officer or employee of a governmental unit, who knowingly and willfully requests or obtains a medical record under false pretenses or through deception or knowingly and willfully discloses a medical record in violation of this subtitle is guilty of a misdemeanor and on conviction is subject to the following penalties:

    (i) A fine not exceeding $50,000, imprisonment for not more than 1 year, or both;
    (ii) If the offense is committed under false pretenses, a fine not exceeding $100,000, imprisonment for not more than 5 years, or both; and
    (iii) If the offense is committed with intent to sell, transfer, or use individually identifiable health information for commercial advantage, personal gain, or malicious harm, a fine not exceeding $250,000, imprisonment for not more than 10 years, or both.

(2) This subsection does not apply to an officer or employee of a governmental unit that is conducting a criminal investigation.

(f) A health care provider or any other person who knowingly violates any provision of this subtitle is liable for actual damages.

(4th Cir. 1989). There is no evidence here that Plaintiff was treated differently than others similarly situated, i.e. he was not treated differently than others who were subjected to multiple violations of the statute. Plaintiff's bald and conclusory allegations of discrimination are insufficient to sustain an equal protection claim. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). For these reasons, the Complaint will be dismissed *sua sponte*.

A separate Order reflecting the foregoing opinion shall be entered.

April 6, 2006
Date

/s/ *Richard D. Bennett*
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE